### Ex parte WALTER DODDS.

No. A-4200.    Opinion Filed March 2, 1922.
(204 Pac. 653.)

Original application by Walter Dodds for writ of habeas corpus to be admitted to bail.  Bail allowed.

S. M. Rutherford and C. H. Tully, for petitioner.

Geo. F. Short, Atty. Gen., and R. E. Wood, Asst. Atty. Gen., for the State.

PER CURIAM.    The petitioner, Walter Dodds, was charged with the murder of John Sellers at Eufaula, in McIntosh county, on the 28th day of January, 1922, and was committed without bail to answer this charge by the examining magistrate.  Later the petitioner made application to the district judge of McIntosh county to be admitted to bail, and the district judge upon a hearing denied the application.

There is a direct conflict between the evidence for the state and the evidence for the petitioner as to the circumstances attending the homicide.

Testifying for the first time on his own behalf upon the hearing of this application, petitioner stated:

"I was stopping at the Sellers Hotel; Alex Sellers and his son, John Sellers, the deceased, being the proprietors.  On the day of the homicide I went to the kitchen to get some hot water for my car, and the deceased insulted me.  I did not answer him.  Later I came back to the hotel, and the deceased said he

would stamp me to death and made for me. He kicked me on the leg. My brother was there, and stopped him. I walked out the door to my car. I decided to check out of the hotel. I went to get my grip, which was in my room. I went up the rear stairway to the third floor to my brother's room and got his pistol for my protection. I then started down to the second floor to my room to get my belongings, and met the deceased and his father at the foot of the stairs. They made a dash for me and I put my hand in my pocket and said to the deceased, 'Don't you come towards me, or I will kill you.' He hit me in the eye; then they both came at me and knocked me down, and I pulled the trigger. It was a double action pistol. They were both right over me, and I was down when I fired the shots. I didn't make any threats against the deceased.''

After a careful consideration of all the evidence in the case we are inclined to think that the petitioner is entitled to bail pending his final trial, when the good faith of his defense will be passed on by a jury with the witnesses before them. It is therefore adjudged and ordered that the petitioner be allowed bail in the sum of $20,000. Said bond to be conditioned as by law required, and to be approved by the court clerk of McIntosh county.